Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Martin C. Ashman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 824 | **DATE** | 10/23/2002 |
| **CASE TITLE** | Anthony Cotton vs. Michael Sheahan | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter memorandum opinion and order. Defendant's motion to dismiss plaintiff's complaint [8-1] is denied. Defendant's motion to strike the claim seeking injunctive relief is granted, and defendant's motion to strike the claim for punitive damages under the ADA is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 2 number of notices | Document Number |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | OCT 2 4 2002 date docketed | |
| | Notified counsel by telephone. | | | 19 |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | 10/23/2002 | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| IS | courtroom deputy's initials | Date/time received in central Clerk's Office | IS mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ANTHONY COTTON, <br><br> Plaintiff, <br><br> v. <br><br> MICHAEL SHEAHAN, Sheriff of Cook County, <br><br> Defendant. | Case No. 02 C 0824 <br><br> Magistrate Judge <br> Martin C. Ashman |

## MEMORANDUM OPINION AND ORDER

### I. Introduction

This case comes before the Court on Defendant Sheriff Michael Sheahan's motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), motion to strike the claim for injunctive relief, and motion to strike Plaintiff's claim for punitive damages under the Americans with Disabilities Act. For the reasons set forth below, the Court denies the motion to dismiss in full, grants the motion to strike the claim for injunctive relief, and denies the motion to strike the claim for punitive damages under the ADA.[1]

### II. Background

On February 1, 2002, Anthony Cotton filed this action against Sheriff Sheahan in his official capacity seeking declaratory, compensatory, punitive, and injunctive relief for discrimination in violation of the Americans with Disabilities Act (Count I) and the

---

[1] The parties have consented to have this Court conduct any and all proceedings, including the entry of final judgment. *See* 28 U.S.C. § 636(c); Local R. 73.1(b).

Rehabilitation Act (Count II). This motion to dismiss followed. The facts, which we must assume are true for purposes of this motion, are taken from Plaintiff's complaint.

Plaintiff is confined to a wheelchair. In early 2000, Plaintiff was incarcerated at the Cook County Jail (the "Jail"). Michael Sheahan is the Cook County Sheriff and is in charge of operating the Jail. Plaintiff is no longer incarcerated at the Jail.

In February of 2000, Plaintiff went to the visiting room of the Jail to visit relatives. In the visiting room, the inmates are separated from their visitors by glass panels. The prisoners are provided with permanently affixed stools to sit upon in front of the glass panels to converse with their visitors. The stools are flat and smooth and lack arms and a back. Because Plaintiff could not maneuver his wheelchair close enough to the glass panels to hear what was being said to him, he transferred himself from the wheelchair to the stool. The transfer was difficult for Plaintiff because there were no arms and no back on the stool for him to balance himself on. When Plaintiff attempted to transfer himself back to his wheelchair, he lost his balance and fell to the floor, injuring his hip, back, and left leg. Plaintiff was taken to Cermak Hospital Emergency Room where he was treated and given medication.

In late February 2000, Plaintiff attempted to take a shower with a shower seat that he had been given. The seat was equipped with castor-type wheels and Plaintiff was supposed to wheel himself into and out of the shower. However, because he could not reach the wheels, Plaintiff was unable to propel himself very well. After entering the shower, the water suddenly became very hot. Plaintiff was unable to move out of the water stream quickly and his leg was burned.[2]

---

[2] Plaintiff does not state whether he sought medical attention for the burn.

## III. Standard of Review

When ruling on a motion to dismiss, we must view the complaint's allegations in the light most favorable to the plaintiff. *Bontkowski v. First Nat'l Bank of Cicero*, 988 F.2d 459, 461 (7th Cir. 1993). All well-pleaded facts and allegations in the complaint must be taken as true, and the case will not be dismissed "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The plaintiff must sufficiently allege facts setting forth each element of every cause of action. *Gray v. Dane County*, 854 F.2d 179, 182 (7th Cir. 1988).

## IV. Discussion

Defendant argues that Plaintiff has failed to state a cause of action because it is the County Board, and not the Sheriff, that is responsible for designing, providing, improving and maintaining the Jail. *See* 55 ILCS 5/5-1106 ("It shall be the duty of the county board of each county . . . [t]o erect or otherwise provide when necessary . . . and keep in repair, a suitable court house, jail and other necessary county buildings. . . ."). The Plaintiff responds that the Sheriff is subject to the requirements of the ADA and the Rehabilitation Act, and, as the custodian of the inmates, had the ability to comply with these Acts in specific situations of which Plaintiff complains, e.g. "failure to provide adequate seating accommodations for persons in wheelchairs," "failure to remove the architectural barriers in the visiting room," and "failure to provide reasonable accommodations for persons in wheelchairs in the facility's showers." Defendant replies that although he does have the duty to comply with the ADA and Rehabilitation Act

where applicable, Plaintiff's allegations amount to nothing more than a failure to provide a non-discriminatory facility, which is the duty of the County Board.

Title II of the ADA protects inmates with disabilities against discrimination and requires that their disabilities be reasonably accommodated by their custodian. *Pennsylvania Dep't of Corr. v. Yeskey*, 524 U.S. 206, 209 (1998). The Rehabilitation Act is "materially identical" to the ADA as the ADA was modeled after it. *Crawford v. Indiana Dep't of Corr.*, 115 F.3d 481, 483 (7th Cir. 1997), *abrogated on other grounds*, *Florida Prepaid Postsecondary Educ. Expense Bd. v. College Sav. Bank*, 527 U.S. 627 (1999); *Kimel v. Florida Bd. of Regents*, 528 U.S. 62 (2000).

Under Illinois law, "the Sheriff of each county is the warden of the county jail, and has custody over all of its prisoners." *DeGenova v. Sheriff of DuPage County*, 209 F.3d 973, 976 (7th Cir. 2000) (citing *Moy v. County of Cook*, 640 N.E.2d 926 (Ill. App. Ct. 1994); 730 ILCS § 152/2). The Sheriff's powers are not unlimited, rather, it is the Cook County Board that "controls the design and funding of the [Jail]."[3] *Stone-el v. Sheahan*, 914 F. Supp. 202, 205 (N.D. Ill. 1995). For example, in *Houston v. Sheahan*, 62 F.3d 902 (7th Cir. 1995), a prisoner brought a section 1983 action against the Sheriff and Warden, complaining of the overcrowded conditions at the Jail. In granting the defendants' motion to dismiss, the court noted, "[n]either the Sheriff nor the Warden designed the Jail; neither has the ability to build a larger facility; neither controls the number of prisoners assigned there." *Id.* at 903, *abrogated on other grounds*, *Farmer v. Brennan*, 511 U.S. 825 (1994).

---

[3] Section 1983 cases are instructive as to the types of powers that the Sheriff is delegated with, as opposed to powers vested in the County Board. *Cf. Houston v. Sheahan*, 62 F.3d 902 (7th Cir. 1995) (discussing limits on the Sheriff's authority), *abrogated on other grounds*, *Farmer v. Brennan*, 511 U.S. 825 (1994); *Stone-el v. Sheahan*, 914 F. Supp. 202 (N.D. Ill. 1995) (same).

Nonetheless, the *Houston* and *Stone-el* cases, as well as the other cases relied upon by the Defendant, are distinguishable because Plaintiff is not complaining about the overall general conditions of the Jail. He is complaining about two specific instances in which he was discriminated against. At this stage in the case, both the shower and the visitors room situations seem to be finite things that the Sheriff may have some control over, and at oral argument it was conceded that the Sheriff does have use of discretionary funds for maintenance of the jail. The Sheriff probably cannot construct a whole new fully accessible visiting room. That would be in the realm of the County Board. But perhaps he could have removed some of the stools so that Plaintiff could wheel his chair up to the glass panels. Or perhaps there is another room where Plaintiff could have met with his visitors. Perhaps someone could have assisted the Plaintiff so he did not fall. It is too early to say that as a matter of law the Sheriff's alleged discriminatory policies could not have been remedied by the Sheriff.

Case law supports this conclusion. In *Brant v. Volkert*, 99 C 50154, 2001 WL 910106, at *2 (N.D. Ill. July 5, 2001), the court denied the Stephenson County Sheriff's motion for summary judgment for an inmate's ADA claim where the inmate had been denied the use of the toilet by reason of his disability. Similarly, in *Hanson v. Sangamon County Sheriff's Dep't*, 991 F. Supp. 1059, 1063 (C.D. Ill. 1998), the court denied the Sangamon County Sheriff's motion to dismiss where the plaintiff, an arrestee, was denied the use of equipment for the hearing impaired. *See also Schmidt v. Odell*, 64 F. Supp. 2d 1014, 1033 (D. Kan. 1999) (denying jail official's motion for summary judgment where wheel-chair bound inmate stated a claim due to the lack of an accessible toilet and shower); *Kaufman v. Carter*, 952 F. Supp. 520, 532 (W.D. Mich. 1996)

(denying motion for summary judgment where plaintiff alleged he was denied use of shower and toilet facilities).

Plaintiff has adequately alleged that the Sheriff's discriminatory policy of withholding visitation rights from him and of withholding the use of the shower facilities from him violated the ADA and Rehabilitation Act. The questions of what were reasonable accommodations and whether the Sheriff really had the ability and authority to provide such accommodations remain for another day. We cannot say that as a matter of law the Sheriff did not have the power to change the alleged discriminatory policies.

Moving on, the Sheriff has also requested that Plaintiff's claim for injunctive relief be stricken as Plaintiff is no longer incarcerated in the Jail. Plaintiff does not object to this motion, and it is thus granted.

Additionally, the Sheriff has asked the Court to strike Plaintiff's prayer for punitive damages under the ADA on the grounds that Title II does not provide for punitive damages. There is a split in this district on this issue. *Compare Winfrey v. Chicago*, 957 F. Supp. 1014, 1024 (N.D. Ill. 1997) (holding that Title II does not provide for punitive damages), *with Dadian v. Village of Wilmette*, No. 98 C 3731, 1999 WL 299887, at *3 (N.D. Ill. May 4, 1999) (allowing punitive damages under Title II), *and Garrett v. Chicago School Reform Bd. of Trustees*, No. 95 C 7341, 1996 WL 411319, at *4 (N.D. Ill. July 19, 1996) (same). Without deciding this issue right now, the Court holds that Plaintiff's claim for punitive damages will be allowed to stand because punitive damages are allowed under Section 504 of the Rehabilitation Act and Plaintiff is not required to separate out his demands for relief in his complaint. *See Concerned Tenants*

*Assoc. of Indian Trails Apts. v. Indian Trails Apts.*, 496 F. Supp. 522, 525 (N.D. Ill 1980) ("a pleader need only make one demand for relief regardless of the number of claims he asserts").

### V. Conclusion

For the aforementioned reasons, Defendant's motion to dismiss the complaint is denied. Defendant's motion to strike the claim seeking injunctive relief is granted, and Defendant's motion to strike the claim for punitive damages under the ADA is denied.

**ENTER ORDER:**

_____
MARTIN C. ASHMAN
United States Magistrate Judge

**Dated:** October 23, 2002.

Copies have been mailed to:

| | |
|---|---|
| STEVEN R. GREENBERGER, Esq.<br>Disability Rights Clinic<br>DePaul College of Law<br>25 East Jackson Boulevard<br>Chicago, IL 60604<br><br>Attorney for Plaintiff | RICHARD A. DEVINE, Esq.<br>DONALD R. HALLSTEN, JR., Esq.<br>Assistant State's Attorney's Office<br>500 Richard J. Daley Center<br>Chicago, IL 60602<br><br>Attorney for Defendant |