IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANTHONY COTTON, | ) |
| Plaintiff, | ) |
| | ) No. 02 C 0824 |
| v. | ) |
| | ) Judge Wayne R. Andersen |
| MICHAEL F. SHEAHAN, Sheriff of Cook County, | ) |
| | ) Magistrate Judge Martin C. Ashman |
| Defendant. | ) |

### NOTICE OF FILING

TO:   Steven R. Greenberger
   Disability Rights Clinic
   DePaul College of Law
   25 E. Jackson Blvd.
   Chicago, Illinois 60604

**PLEASE TAKE NOTICE** that on Tuesday, December 17, 2002, Defendant filed his *Answer* to Plaintiff's Complaint with the Clerk of the United States District Court, for the Northern District of Illinois, Eastern Division, a copy of which is attached and served upon you.

RICHARD A. DEVINE
State's Attorney of Cook County

By:_____
Donald R. Hallsten, Jr.
Assistant State's Attorney
500 Richard J. Daley Center
Chicago, IL 60602

### CERTIFICATE OF SERVICE

I, Donald R. Hallsten, Jr., Assistant State's Attorney, hereby certify that I caused the foregoing to be sent by facsimile and deposited postage prepaid in the United States Mail addressed to the person listed above at the Richard J. Daley Center before 6:30 p.m. on Tuesday, December 17, 2002.

_____
Donald R. Hallsten, Jr.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ANTHONY COTTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 02 C 0824 |
| v. | ) | |
| | ) | Judge Wayne R. Andersen |
| MICHAEL F. SHEAHAN, Sheriff of | ) | |
| Cook County, | ) | Magistrate Judge Martin C. Ashman |
| | ) | |
| Defendant. | ) | |

FILED
DEC 17 2002
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

### DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

NOW COMES the Defendant, MICHAEL F. SHEAHAN, Sheriff of Cook County, by and through his attorney, RICHARD A. DEVINE, State's Attorney of Cook County, and through Donald R. Hallsten, Jr., Assistant State's Attorney, and answers the Plaintiff's Complaint as follows:

### JURISDICTION

1.  Jurisdiction over this action is based upon 28 U.S.C. § 1331 and 1343(a)(3).

**ANSWER:** Defendant admits that this Court has jurisdiction of plaintiff's claims.

2.  Venue is proper in this district pursuant to 28 U.S.C. § 1391, as the events giving rise to the claim arose in Chicago, Illinois.

**ANSWER:** Defendant admits that venue is proper in the Northern District of Illinois.

### PARTIES

3.  Plaintiff, ANTHONY COTTON, is a resident of Chicago, Illinois. He is an individual with a disability within the meaning of both the Americans with Disabilities Act (hereinafter "ADA") and the Rehabilitation Act of 1973 (hereinafter "Rehabilitation Act") because he has a physical

RECEIVED - ED4
02 DEC 17 PM 5: 54
CLERK
U.S. DISTRICT COURT

impairment that substantially limits one or more of his major life activities. He uses a wheelchair for mobility.

**ANSWER:** Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint and, therefore, denies the same.

4.     Defendant, MICHAEL SHEAHAN, is the Cook County Sheriff and is in charge of operating the Cook County Jail. He is sued herein in his official capacity.

**ANSWER:** Defendant states that defendant Michael F. Sheahan was, at all times relevant to plaintiff's Complaint, the duly elected Sheriff of Cook County, and by statute is the warden of Cook County Jail. Defendant admits that plaintiff has sued him in his official capacity. Defendant denies the remaining allegations contained in paragraph 4 of the Complaint.

## FACTUAL BACKGROUND

5.     In early 2000, Plaintiff was being incarcerated in the Cook County Jail.

**ANSWER:** Defendant admits the allegation contained in paragraph 5 of the Complaint.

6.     On or about February 4, 2000, Plaintiff went to the Jail visiting room in order to visit with relatives. The visiting room contains several booths where inmates and their visitors may converse. While conversing in the booths, inmates and visitors are separated by glass panels.

**ANSWER:** Defendant admits the allegations that on or about February 4, 2000, Plaintiff went to the visiting room in Division VIII of the Cook County Jail, that the visiting room contains several boots where inmates and their visitors may converse and that inmates and visitors are separated by glass panels. Defendant is without sufficient knowledge or information to form a belief as to the

truth of the remaining allegations contained in paragraph 6 of the Complaint and, therefore, denies the same.

7. Within the booths, in front of the glass panels, are a series of permanently fixed stools. These stools are located in such a way that they block wheelchair access to the glass panels separating visitors and inmates. The tops of the fixed stools are flat and smooth, and lack arms or any backing.

**ANSWER:** Defendant admits the allegations contained in paragraph 7 of the Complaint.

8. When Plaintiff entered one of the booths in order to converse with his relatives, he was blocked by a fixed stool from maneuvering his wheelchair close enough to the glass panel to hear what was being said to him. He was therefore forced to transfer himself from his wheelchair to the stool. Plaintiff frequently transfers himself from his wheelchair to chairs and back again; however, in order to accomplish such transfers he normally grasps the backing or side rails of the other chair to support himself and to keep his balance. Because the Jail stool did not have arms or backing, however, it was very difficult for Plaintiff to transfer himself. When Plaintiff attempted to transfer himself back to his wheelchair, he lost his balance and fell to the floor.

**ANSWER:** Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint and, therefore, denies the same.

9. As a result of the fall, Plaintiff suffered injuries to his hip, back and left leg. Plaintiff was taken to Cermak Hospital Emergency Room where he received treatment for his injuries and medication for his pain.

**ANSWER:** Defendant is without sufficient knowledge or information to form a belief as to

the truth of the allegations contained in paragraph 9 of the Complaint and, therefore, denies the same.

10. While still in custody at the Cook County Jail, on or about February 28, 2000, Plaintiff attempted to take a shower. In order to do so, he had been given a "shower seat." The seat was equipped with wheels on its bottom, ostensibly to allow him to wheel himself in and about the shower. However, the wheels of the seat were castor-type wheels, and Plaintiff could not reach them in order to propel himself. After Plaintiff entered the shower, the temperature of the water became extremely hot. Because the nature of the shower seat, Plaintiff was unable to move away from the water stream quickly, and his leg was burned.

**ANSWER:** Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint and, therefore, denies the same.

## COUNT I: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990

11. Plaintiff hereby incorporates by reference Paragraphs 1 through 10 above.

**ANSWER:** Defendant incorporates his answers to paragraphs 1 through 10 above.

12. Title II of the Americans With Disabilities Act of 1990, 42 U.S.C. § 12101, et seq., expressly prohibits, among other things, discrimination against a person with a disability, solely on the basis of the disability, in the full and equal enjoyment of the services, programs, and activities of a public entity.

**ANSWER:** Defendant acknowledges that Title II of the Americans with Disabilities Act of 1990 prohibits, among other things, discrimination against a person with a disability, solely on the basis of the disability, in the full and equal enjoyment of the services, programs, and activities of a public entity, however, Defendant denies the remaining allegations contained in paragraph 12 of the Complaint and further denies that Defendant violated Title II of the Americans with Disabilities Act of 1990.

13. Defendant operates the Cook County Jail, which qualifies as a "public entity" under the definition set forth in 42 U.S.C. § 12131 (1)(B) because it is a "department, agency, special purpose district, or instrumentality" of a local government, i.e. Cook County, Illinois.

**ANSWER:** Defendant states that defendant Michael F. Sheahan was, at all times relevant to plaintiff's Complaint, the duly elected Sheriff of Cook County, and by statute is the warden of Cook County Jail. Defendant denies the remaining allegations contained in paragraph 13 of the Complaint.

14. Defendant's failure to provide adequate seating accommodations for persons in wheelchairs, and failure to remove the architectural barriers in the visiting room, constitute a violation of Title II of the ADA because those failures denied Plaintiff the use and enjoyment of a service of a public entity.

**ANSWER:** Defendant denies the allegations contained in paragraph 14 of the Complaint.

15. Defendant's failure to provide reasonable accommodations for persons in wheelchairs in the facility's showers constitutes a violation of Title II of the ADA because this failure denied Plaintiff the use and enjoyment of a service of a public entity.

**ANSWER:** Defendant denies the allegations contained in paragraph 15 of the Complaint.

16. As a proximate result of the Defendant's violations of the ADA, Plaintiff suffered personal injury, pain and suffering, humiliation, embarrassment, and emotional distress.

**ANSWER:** Defendant denies the allegations contained in paragraph 16 of the Complaint.

## **COUNT II: VIOLATION OF THE REHABILITATION ACT OF 1973**

17. Plaintiff incorporates by reference paragraphs 1 through 16 above.

**ANSWER:** Defendant incorporates his answers to paragraphs 1 through 16 above.

18. Section 504 of the Rehabilitation Act of 1973, 29 § U.S.C. 794, provides that no otherwise qualified individual with a disability may be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving federal financial assistance, solely on the basis of the individual's disability.

**ANSWER:** Defendant acknowledges that Section 504 of the Rehabilitation Act of 1973, 29 § U.S.C. 794, provides that no otherwise qualified individual with a disability may be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving federal financial assistance, solely on the basis of the individual's disability, however, Defendant denies the remaining allegations contained in paragraph 18 of the Complaint and further denies that Defendant violated Section 504 of the Rehabilitation Act of 1973.

19. Defendant operates the Cook County Jail, which qualifies as a "program or activity"

under the definition set forth in 29 U.S.C. § 794(b)(1)(A) because it is a "department, agency, special purpose district, or instrumentality" of a local government, i.e. Cook County, and because it receives federal financial assistance.

**ANSWER:** Defendant states that defendant Michael F. Sheahan was, at all times relevant to plaintiff's Complaint, the duly elected Sheriff of Cook County, and by statute is the warden of Cook County Jail. Defendant denies the remaining allegations contained in paragraph 19 of the Complaint.

20. Defendant's failure to provide adequate seating accommodations for persons in wheelchairs and failure to remove architectural barriers in the Jail visiting room constitute violations of the Rehabilitation Act because those failures denied Plaintiff the use and enjoyment of the facility.

**ANSWER:** Defendant denies the allegations contained in paragraph 20 of the Complaint.

21. Defendant's failure to provide a reasonable accommodation for persons with wheelchairs in the Jail showers constitutes a violation of the Rehabilitation Act because it denied Plaintiff the use and enjoyment of a service of a public entity under Title II of the ADA.

**ANSWER:** Defendant denies the allegations contained in paragraph 21 of the Complaint.

22. As a proximate result of the Defendant's violations of the Rehabilitation Act, Plaintiff suffered personal injury, pain and suffering, humiliation, embarrassment, and emotional distress.

**ANSWER:** Defendant denies the allegations contained in paragraph 22 of the Complaint.

## AFFIRMATIVE DEFENSES

1. This action is improperly brought against this Defendant because the County of Cook is statutorily responsible for providing and maintaining the Jail. 55 ILCS 5/5-1106; *Houston v. Sheahan*, 62 F.3d 902, 903 (7th Cir. 1995).

2. Plaintiff unreasonably failed to utilize the inmate grievance procedure.

**WHEREFORE,** defendant, Michael F. Sheahan, Sheriff of Cook County, Illinois, prays that judgment be entered in favor of defendants and against plaintiff on Count I and II of plaintiff's Complaint and that this matter be dismissed with prejudice.

Respectfully submitted,

RICHARD A. DEVINE
State's Attorney of Cook County

BY: _____
Donald R. Hallsten, Jr.
Assistant State's Attorney
500 Richard J. Daley Center
Chicago, Illinois 60602
(312) 603-3716
FAX: (312) 603-5797